CARRIE ANDRE, Respondent, v. MODERN WOOD-
MEN OF AMERICA, Appellant.

**Kansas City Court of Appeals, November 9, 1903.**

1. **Benefit Societies:** PAYMENT OF DUES: PAYMENT ON DEBT:
JURY QUESTION. There was conflicting evidence as to whether a
certain payment was to be applied to the dues of a member of a
benefit society or upon a debt he was owing the society, and the
verdict of the jury is conclusive.

2. ———: DUES: WAIVER: BY-LAWS. Prompt payment of prem-
iums on life insurance policies may be waived by the company or
its agent, or by the course of dealing with the insured, notwith-
standing the policy provides that no contract, alteration or dis-
charge of the contract, waiver of forfeiture or granting of permits or
credits shall be valid unless in writing signed by the officers of the
association.

3. ———: ———: ———: ———: COMMON KNOWLEDGE. It is
held that it would be doing violence to common knowledge and com-
mon sense alike to suppose that a benefit society with lodges in
every State in the Union did not know that a large per cent of its
members were not prompt in the payment of their dues, and it is
*held* that with such knowledge the society waived the delinquencies
and received payments within a reasonable time.

4. ———: LOCAL CLERK: PRINCIPAL AND AGENT: BY-LAWS.
The law determines whose agent one is from the source of his ap-
pointment and the nature of his duties; and it is *held* that the clerk
of a local camp is the agent of the head camp, though the by-laws
stipulate he shall not be.

Appeal from Daviess Circuit Court.—*Hon. J. W.
Alexander,* Judge.

AFFIRMED.

*W. D. Hamilton, Boyd Dudley* and *J. G. Johnson*
for appellant.

(1) The court erred in overruling defendant's de-
murrer offered at the close of the whole case, for the

reasons: (a) That R. G. Griffith, clerk of Melbourn Camp No. 7090, had no power to waive any of the provisions of the by-laws, and especially that he had no power or authority to waive any provisions relating to the substance of the contract, embodied in the application and benefit certificate and the question of waiver, should not have been submitted to the jury. (2) Neither is the power of waiver in relation to the substance of the contract as a general rule permitted by law. May on Insurance, sec. 146, 147; Priest v. Ins. Co., 85 Mass. 604; Sweet v. Relief Society, 78 Me. 545; McCoy v. Ins. Co., 157 Mass. 272; Troehley v. Lodge, 50 Mo. App. 472. (3) The camp clerk had absolutely no right or power under this by-law, which is a part of the contract, to do anything further than to receive money when it was brought and tendered to him. There must be something more than the act of a representative with such limited authority to constitute a waiver on the part of defendant. Bank v. Luvit, 114 Mo. 579; Laundry v. Ins. Co., 66 Mo. App. 204; Burnham v. Ins. Co., 63 Mo. App. 85; Jenkins v. Ins. Co., 58 Mo. App. 212; Wood v. Rayburn, 18 Oregon 3; Trentor v. Pathen, 46 Minn. 248; McDermott v. Railroad, 73 Mo. 516; Curtin v. Grand Lodge, 65 Mo. App. 297; Borgraefe v. Supreme Lodge, 22 Mo. App. 142; Harvey v. Grand Lodge, 50 Mo. App. 472; Jenkins v. Ins. Co., 58 Mo. App. 112; Hayward v. Ins. Co., 52 Mo. 191; Johnson v. Building Co., 23 Mo. App. 552; Anderson v. Valliner, 83 Mo. 406. Clearly he is invested with no such extraordinary power. Hale v. Ins. Co., 6 Gray 169, 66 Am. Dec. 410; Priest v. Ins. Co., 3 Allen 604; Behler v. Ins. Co., 68 Ind. 354; Ins. Co. v. Earle, 33 Mich. 150; Mallory v. Ins. Co., 4 Allen 116; Harvey v. Lodge, 50 Mo. App. 477. (4) The members of a fraternal beneficiary association are conclusively presumed to know its laws. Coleman v. Knights of Honor, 18 Mo. App. 189; Grand Lodge v. Elsner, 26 Mo. App. 108; Bacon on Ben. Soc., sec. 81; Harvey v. Lodge, 50 Mo. App. 477. (5) Griffith was

a special agent (if he had any agency) with no authority but to receive money. His authority is known to the members dealing with him. He has no authority to waive any of the laws of the society which relate to the substance of the contract between an individual member and his associates in their associate capacity. Lyon v. Supreme Assembly, 26 N. E. (Mass.) 236; Brotherhood's Case, 31 Bear 365; Burbank v. Association, 144 Mass. 437, 11 N. E. 591; McCoy v. Church, 152 Allen 294; Evans v. Ins. Co., 9 Allen 329; Hale v. Ins. Co., 6 Gray 169, 66 Am. Dec. 410; Brewer v. Chelsea, 14 Gray 203; Mulray v. Ins. Co., 2 Allen 116; Sweet v. Society, 78 Me. 541, 7 Atl. 394; Harvey v. Grand Lodge, 50 Mo. App. 478; Chadwick v. Order of Trip., 56 Mo. App. 473; Curtin v. Grand Lodge, 65 Mo. App. 297. (5) The officers and the members of an inferior lodge have no power to waive any requirements of such laws in so far as they effect the rights of a parent corporation. Borgraefe v. Knights of Honor, 22 Mo. App. 127; Harvey v. Grand Lodge, 50 Mo. App. 477; Chadwick v. Order T. A., 56 Mo. App. 472; Curtin v. Grand Lodge, 65 Mo. App. 297; Boyce v. Royal Circle, 73 S. W. 300. (6) Andre having been suspended by failure to pay dues maturing on the 1st day of July, 1900, within the time prescribed by the by-laws, could not have been reinstated except as provided by the by-laws; and without such reinstatement no recovery can be had. Yoe v. Masonic M. B. Assn., 63 Md. 86; Hawkshaw v. Supreme Lodge, 29 Fed. 770; Klein v. Ins. Co., 104 U. S. 85; Curtin v. Grand Lodge, 65 Mo. App. 300; Masons Bs. Society v. Baldwin, 86 Ill. 479; Borgraefe v. Knights of Honor, 22 Mo. App. 143.

*J. T. DeVorss* and *Harber & Knight* for respondent.

(1) Appellant complains of the court having declared that witness Griffith was the agent of the defend-

ant, its by-laws to the contrary notwithstanding. This has been so. often declared by courts of last resort it would seem the citing of authorities in support thereof is unnecessary. McMahon v. Maccabees, 151 Mo. 542; Cauveren v Ancient Order of Pyramids, 72 S. W. 141; Knights of Pythias v. Withers, 177 U. S. 260. (2) Appellant also insists that Griffith had no authority to waive provisions of its by-laws and accept payment after member had been suspended for non-payment of dues without health certificate accompanying such payment. This question has also been frequently passed upon by courts of this State, and the holding diametrically opposite the contention of appellant. Cases supra; James v. Ins. Co., 148 Mo. 1. (3) But aside from this, this identical question, which we again repeat was decisive in this case, was submitted to the jury under instructions given at the instance of appellant and it can not now be heard to say there was no evidence upon which to submit same, or that it was wrongfully submitted or improperly determined, by the jury.

BROADDUS, J.—On the 21st day of October, 1899, the defendant issued to Charles Andre, plaintiff's husband, a certain benefit certificate, by the terms of which it agreed, in case of the death of said Andre while a beneficiary member of its organization in good standing, to pay plaintiff, his wife, one thousand dollars. By the terms of said certificate the by-laws of the association became a part thereof. They provide that each member shall pay certain dues to be assessed by the board of directors of the association, of which the member shall have notice, after which if he fails on or before the first day of the month next thereafter to pay said assessment, he stands *ipso facto* suspended and his said benefit certificate "shall be absolutely null and void." The dates fixed for the payment of said dues are the first days of April, July, October and January of each

year. It is further provided that any member so suspended may be reinstated by the payment, within sixty days from date of suspension, of all such dues, "provided, however, that he be in good health at the time of reinstatement and furnish to the clerk of the local camp of which he is a member a written warranty to such effect, which shall be transmitted by said clerk to the head clerk of the association, which consists of many local camps all under the general jurisdiction of said head camp." The by-laws also make it the duty of said local clerk, when he receives the dues of members, to transmit those that belong to the general organization to the said clerk thereof, and to report all arrearages of members in paying their dues; and it is further provided that no officer of the society is authorized or permitted to waive any of the laws or by-laws of the association. And said by-laws further provide that the clerk of the local camp was made the agent of such camp and not the agent of the head camp, "and no act or omission on his part shall have the effect of creating a liability on the part of this society, or of waiving any right or immunity belonging to it."

It was shown on the trial that deceased had been clerk of the local camp of which he was a member, but had ceased to act as such prior to the first day of July, 1900, and was succeeded in the office by R. G. Griffith; that said deceased was delinquent in the payment of his dues on the said first day of July, of which he had due notice. There was evidence that he was then sick; that he told certain persons that he did not intend to pay certain dues; and that he was indebted to the association for money received by him while he was clerk which he had failed to account for to the association. Plaintiff admitted the sickness of said Andre, but denied that he was so indebted.

On July 26th, the local clerk reported to the head clerk the failure of the deceased to pay his said dues. On July 23d, Dr. T. V. Williams, for deceased, paid to

said Griffith, as local clerk, the sum of $5.15, which he credited to said alleged indebtedness of deceased. The plaintiff introduced evidence tending to show that the money was paid and received on said dues and not on said alleged indebtedness. There was evidence pro and con on the issue, as to whether the payment was on account of said dues or of the alleged indebtedness. The jury found for the plaintiff which finding is conclusive on the defendant and obviates the necessity on the part of this court of considering defendant's argument in reference thereto.

It was in evidence that it was the invariable custom of this particular local camp to receive dues after the first day of the month when they became payable by the terms of the by-laws and until near its close, at which time said clerk sent them to said head clerk and made his report.

The finding and judgment were for the plaintiff from which defendant appealed. At the close of plaintiff's case defendant submitted a demurrer to the evidence, and also at the close of the entire case; both of which the court overruled.

The defendant's principal contention is, that plaintiff, upon the pleadings and evidence, was not entitled to recover. It has cited many cases to support this contention, but in view of the holding in James v. Association, 148 Mo. 1, in our opinion they have little or no application to the point involved. In the James case, supra, it was held that, the prompt payment of premiums due on life insurance policies may be waived or suspended by the company or its agents, in express terms, or by its course of dealing with the insured; and that, such payments might be so waived "notwithstanding the policy provided that no contract, alteration or discharge of contract, waiver of forfeiture, nor granting of permits or credits, shall be valid unless the same shall be in writing, signed by the president and one other

officer of the association.'' See also, McMahon v. Maccabees, 151 Mo. 522.

The ruling is fair and equitable; and the reason for it is, that insurance companies in order to enforce such rigorous conditions in their policies should in the first place adhere to them themselves, and not be permitted by a different course of dealing to mislead their members and benefit thereby, and by the same means relieve themselves of burdens superinduced by such a course by demanding the very letter of the contract. Applying this equitable rule to this case, the payment by deceased of his dues after the first day of July and prior to the first day of succeeding month was a timely payment under the custom adopted by defendant for the receiving of such dues, and therefore at the time of his death and at no time prior did he stand suspended. It is presumed from the fact that he had been the local clerk that he well knew the custom and course of dealing of the defendant in that respect.

And it is not reasonable to conclude that defendant expected all of its members should strictly comply with said by-law requiring such prompt payment of their dues. It is a matter of current history that many thousands of persons belong to defendant's organization, and that local camps have been established in nearly, if not all the States and Territories of the United States; and it would be doing violence to common experience and common sense alike to suppose that the defendant did not know that a large per cent of its members were not prompt in the payment of such dues; and that with such knowledge the defendant, as the great majority of those engaged in business do, waived such delinquences and received payments within a reasonable time after date fixed for that purpose.

And because the by-laws of defendant make the clerk of the local camp the agent of such camp and expressly provide that he shall not be its head camp agent can make no difference under the facts of this case, for

these same by-laws do by their provisions, in some respect, require the performance of such duties by the local clerk; in fact, constitutes him an agent for such association. And especially was he such in regard to receiving and forwarding to the head clerk the dues of members. In McMahon v. Maccabees, supra, it is held: "The law determines whose agent one is, from the source of his appointment and the nature of the duties he is appointed to perform." Such being our view of the case we do not believe the court committed any error under the undisputed facts in instructing the jury that Griffith, the clerk of the local camp, was the defendant's agent. And the fact that the deceased was sick at the time his dues were paid can make no difference under the foregoing views of the case, as he was a bona fide member and as such was not required to make a warranty of health as provided by said by-laws. Plaintiff insists that the case should be affirmed on another ground, but as it is one merely of practice we will not pass on it. For the reasons given the cause is affirmed. All concur.