## KENDRICK, Appellant, v. MODERN WOODMEN OF AMERICA, Respondent.

### St. Louis Court of ·Appeals, March 31, 1908.

#### (Opinion by Bland, P. J.)

1. **FRATERNAL SOCIETIES: Agency: Injury in Initiating a Member.** The officers and agents of a local camp of the Modern Woodmen of America, a fraternal order, not being appointed or controlled by the head camp, are not agents of the general order, and the order is not therefore liable for injuries inflicted upon an applicant for membership in the ceremony of initiation.

2. ———: **Injury in Initiation: "Horse Play."** Where a member of a fraternal order, immediately after the ceremony of his initiation, was subjected by the members of the order to a kind of "horse play" which resulted in his injury, neither the local lodge in which he was initiated nor the head lodge of the order was liable for his injury; the only liability was on the part of the persons who participated in the play which caused his injury.

#### (Nortoni, J., concurring.)

3. ———: ———: ———. Where an applicant for membership in a fraternal order was put through the ceremony of initiation without injury from the officers or members and after the ceremony was over was injured in a sort of "horse play" which was not within the ritual, the injured member would have no cause of action against the lodge but only against the individuals who inflicted the injuries upon him.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*J. A. Moon* and *Wright Bros. & Blair* for appellant.

(1) The local camp, No. 3123, was agent of the defendant. Andre v. M. W. A., 102 Mo. App. 377; Barbaro v. Accidental Grove, 4 Mo. App. 429; McMahon

v. Maccabees, 151 Mo. 542. (2) The principal is responsible for the acts of the agent. O'Donnell v. Transit Co., 107 Mo. App. 40; Haehl v. Railroad, 119 Mo. 339; State ex inf. v. Insurance Co., 152 Mo. 38; Collette v. Rebori, 107 Mo. App. 720.

*Benj D. Smith* and *Barbour & McDavid* for respondent.

(1) The relation of principal and agent or master and servant did not exist between the appellant and respondent at the time the injury was received. This is affirmatively shown by the petition and therefore the defendant could not be held liable in damages. Collette v. Rebori, 107 Mo. App. 720; Walker v. Railroad, 121 Mo. 584; Farber v. Railroad, 32 Mo. App. 378; Overton v. Railroad, 111 Mo. App. 616; Evans v. Automobile Co., 121 Mo. App. 277. (2) A society such as this is known and shown to be, is not liable for the act of a local camp or its officers or members in initiating and adopting candidates. The local camp and its members might be held liable, but to hold the respondent head camp liable in such a case, is "to carry the rule relied on far beyond the bounds of reported adjudications." Jumper v. Sovereign Camp W. O. W., 127 Fed. 635; Kaminiski v. Maccabees; 109 N. W. 33. (3) The act which produced the injury did not pertain to the duties which the servant was employed to perform, and therefore the respondent is not liable for injury arising from such act. Snyder v. Railroad, 60 Mo. 413; Cousins v. Railroad, 66 Mo. 572; Hartman v. Meuhleback, 64 Mo. App. 575.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff by permission of the court first had for his first amended petition, states to the court for his cause of action against the defendant, that the defendant is a foreign life insurance company incorporated and organized and doing business under the laws of the

State of Illinois, and is now and was at all the times hereafter mentioned engaged as such in the life insurance business in the state of Missouri, and as such corporation had and has power to sue and be sued.

"Plaintiff avers and says that the home office of said defendant company is located in the city of Rock Island, in the state of Illinois, and that said home office is known and designated as the 'Head Camp' of said corporation and that branches of said corporation known as 'Local Camps' are located in different States and localities, that Springfield Camp No. 3123, Modern Woodmen of America, is a local branch of said corporation and is located at the City of Springfield in the county of Greene, and state of Missouri.

"That said Springfield Camp No. 3123, on the twenty-third day of February, 1906, was for a long while prior thereto, and is now duly organized as a local camp as aforesaid, and is existing by virtue of a charter issued from said 'head camp' and is by authority from said head camp, authorized and empowered to receive the applications of persons for membership in and of said Modern Woodmen of America, and to receive, initiate and adopt members in said Modern Woodmen of America through said local camp.

"That plaintiff on the twenty-third day of February, 1906, and for a long while prior thereto, resided within the jurisdiction of said Springfield camp, and on the —— day of —— 190—, made application to defendant through said Springfield camp for membership in said defendant, and paid all fees, dues, etc., required of him, which application was by defendant and its agents accepted, received and approved, and plaintiff was notified by defendant and its agents to appear in said Springfield camp for the purpose of being initiated and adopted as a member in defendant corporation; that

131 App.—3

such initiation and adoption was necessary to membership in said organization.

"Plaintiff further avers and says that defendant authorized the election and appointment of officers and agents to manage and operate the business of defendant under the control of said Springfield camp, and that said Springfield camp accordingly elected and appointed officers and agents to manage the said business of defendant and that the officers and agents were managing and operating said business of defendant on the twenty-third day of February, 1906.

"Plaintiff further avers and says that pursuant to said notice to appear, plaintiff did, on or about the night of the twenty-third day of February, 1906, appear and offer himself to defendant and its agents before and in said Springfield camp, its officers and members of said Springfield camp and members of defendant association at the usual place of meeting of said Springfield camp in the city of Springfield, Missouri, and plaintiff then and there was given such information and instruction as to qualify him to become a member of said Modern Woodmen of America, and plaintiff did then and there receive such information and instruction from the said officers and members of said Springfield camp, and agents of defendant and did then and there take upon himself the obligation required of him, and did all things required of him necessary to properly qualify and constitute him a member of said organization.

"Plaintiff further avers and says that after so receiving and after plaintiff had been obligated and received by said camp as a member thereof, and after having fully complied with all necessary and proper requirements for such membership in said camp and organization, the said officers and members of said camp and agents of said camp and of defendant, informed plaintiff that it was necessary for him to do and perform other and further orders,

and decrees of defendant and said Springfield camp to constitute him a member of said camp; that said officers, members and agents well knew that no further proceedings for initiation and adoption such as were contemplated aforesaid were necessary, that then and there said defendant through its agents, the officers and members aforesaid, caused a hoodwink or blind to be placed upon and over plaintiff's eyes, so as to blindfold and hoodwink him so that he was wholly unable to observe the proceedings, and while the plaintiff was so blindfolded and hoodwinked, one of said agents and members of said defendant, as a part of the pretended proceedings of initiation, holding a club or other instrument in his hands wrongfully and unlawfully and negligently and carelessly struck the plaintiff with said club or other instrument a violent blow across and upon his back, and thereby wounded, bruised and injured him externally and internally, so that plaintiff became sore and sick, and plaintiff in consequence thereof suffered great physical pain, and was by reason of said blow caused to become permanently injured; that plaintiff's injuries were such that he was thereby compelled to remain confined to his room and bed for many days, and was unable to attend to his usual business, and was thereby also compelled to pay large sums of money for medicines and physicians' services amounting to the sum of fifty dollars.

"Plaintiff therefore states that by reason of the said wrongful, unlawful, negligent and careless act of the defendant and its agent in so wounding and bruising the plaintiff, he is damaged in the sum of four thousand and five hundred dollars for which sum and his expense aforesaid he prays judgment and for costs."

Defendant demurred to the petition on the ground that it "does not state facts sufficient to constitute cause of action against this defendant." The court sustained the demurrer. Plaintiff stood upon his petition, and

final judgment was rendered against him on the demurrrer, from which he appealed.

1.  Plaintiff's contention is that the officers of the local camp, for the purpose of initiating members into the order, were agents of the head camp (defendant) and that the alleged injury inflicted by them was done within the scope of their agency. The fact of agency is determined from the source of the alleged agent's appointment and the nature of the duties he was appointed to perform. [McMahon v. Maccabees, 151 Mo. l. c. 543, 52 S. W. 384; Andre v. Modern Woodmen, 102 Mo. App. 377, 76 S. W. 710] The petition states that the local camp exists by virtue of a charter issued to it by the head camp and is a branch of the head camp, and as such branch is authorized and empowered to receive applicants and initiate members into the order, and that the charter authorized the appointment and election of agents and officers to operate the business of the head camp coming under the control of the local camp. It is not stated that the head camp appointed or selected any of the officers of the local camp. It is stated that under the provisions of the charter the local camp was authorized to accept new members, but it is not stated that the officers of the local camp were appointed or selected by the head camp, or that the latter has any voice in their election or appointment. Having no power to appoint or nominate officers of the local camp, who initiated plaintiff into the order, it cannot be held that these officers are the agents or servants of the head camp in the ceremonial process of initiating a member into the order, hence defendant is not liable for the alleged assault upon and the resulting injuries to plaintiff. [Kaminiski v. Knights of Modern Maccabees, 109 N. W. (Mich.) 33; Jumper v. Sovereign Camp Woodmen of the World, 127 Fed. 625.]

The petition states, in substance, that after plaintiff had been obligated and gone through all the ritualis-

tic requirements to become a member and after he had become a member of the order, he suffered himself to be blindfolded and put through some kind of horseplay, resulting in his injury. This horseplay was a side affair for which neither the head or local camp are responsible. Only the persons who participated therein are liable for the injury caused plaintiff. [Bacon on Benefit Societies and Life Insurance (3 Ed.), sec. 64b.] We think the petition fails to state a cause of action, and affirm the judgment. All concur. *Goode, J.,* in result.

### CONCURRING OPINION.

NORTONI, J.—I concur in affirming the judgment on the ground the plaintiff was not injured while the officers and members of the order were acting within the ritual, having received his injury as a result of "horseplay," which was not part of the ritualistic work. It seems clear to me this cause of action, if any, is against those who inflicted the injury upon him, and not against this defendant, who was in no sense responsible for their conduct after the ritualistic work was completed.