EMMA A. CLINE, Respondent, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellant.

Kansas City Court of Appeals, April 3, 1905.

1. BENEFIT SOCIETIES: Stipulation of Certificate: Waiver: Conduct. An assured was injured on September 21. He died on the 26th. His August dues were still unpaid. For ten years he had not been prompt in paying his dues, yet they were all paid within the three months limitation provided in the by-laws for his reinstatement, which by-laws suspended the certificate during non-payment of the dues. After receiving the injury he tendered his dues and they were refused. *Held*, on the face of the stipulation a delinquent *ipso facto* became suspended upon default with his dues; but under the settled law of this State the organization may waive compliance with its laws, and stipulations attempting to disable the order from such waiver are nugatory, and the conduct of the parties justified a belief that the insurance continued in force, notwithstanding the delinquency.

2. ———: ———: Reinstatement: Good Health. Notwithstanding the condition that he delinquent should be in good health at the time of his reinstatement, it is better to hold that the line of conduct on the part of the order and its members shows that each understand the insurance to be continuous.

3. ———: ———: ———: Decision. Smith v. Woodmen, 179 Mo. 119, and McMahon v. Maccabees, 151 Mo. 522, are considered and harmonized.

Appeal from Jackson Circuit Court,—*Hon. S. C. Douglass*, Judge.

AFFIRMED.

*Brown, Harding & Brown, Brome & Burnett* for appellant.

(1) Under the constitution and laws of the defendant, the clerk of the camp could not waive the provisions of its constitution and laws respecting the payment of assessments, in the absence of knowledge and acquiescence on the part of the defendant. Modern Woodmen v. Tevis, 117 Fed. 369, 54 C. C. A. 293; Royal Arcanum v. Taylor, 121 Fed. 66, 57 C. C. A. 406; McMahon v. Maccabees, 151 Mo. 535-540; Lavin v. Grand Lodge, 104 Mo. App. 1-15; Hawkins v. Sov. Camp W. O. W., Supreme Court of Tennessee. See certified copy of opinion on file in this case. Assurance Co. v. Building Association, 183 U. S. 308; Ins. Co. v. Buxer, 62 Ohio Stat. 256; Bacon on Benefit Societies (2 Ed.), sec. 388, 434 a; Schmidt v. M. W. A., 54 N. W. 264; State ex rel. John H. Young v. Benevolent Ass'n , 42 Mo. App. 485; Royal Highlanders v. Schoville, 92 N. W. 206 (Neb.); Borgraefe v. Knights of Honor, 22 Mo. App. 127; Smith et al. v. Sovereign Camp W. O. W., Supreme Court of Mo., Div. 2, Dec. 23, 1903, 77 N. W. 862, 179 Mo. 119; Field v. Knights and Ladies of Security, 89 N. W. (Neb.) 773; Kocher v. Supreme Council, 48 Atl. 544 (N. J.); Lyon v. Supreme Assembly, 26 N. E. 236 (Mass.); State ex rel. Young v. Temperance Ben. Soc., 42 Mo. App. 489. (2) The facts in the case do not justify the legal conclusion of a waiver of strict compliance with the Constitution and laws on the part of member Cline in the payment of his assessment and dues, especially the assessment upon which he became suspended, and which was unpaid at the time of his death. Smith et al. v. W. O. W., 179 Mo. 119, 77 S. W. 862;

Shmidt v. M. W. A., 54 N. W. (Wis.) 264. (3) We further submit that there is no waiver in this case for the reason that clerk Edwards during the month of August sent to the deceased, and the deceased received same, a notice which specifically stated and informed him that if he failed to pay the August assessment on or before the first of September he would become suspended.

*Botsford, Deatherage & Young* for respondent.

(1) Where a principal voluntarily and intentionally receives and retains, monthly, from time to time, and from year to year, from its agent the avails and proceeds from collections authorized by it to be made by the agent upon performance of certain conditions, without inquiry by such principal on the monthly receipt thereof as to such performance of such conditions, and without requiring information of such performance, the principal will be held to have ratified the non-performance of such conditions and become bound by the receipt and retention by it of the avails and proceeds of such collections. Meecham on Agency, sec. 148; Waterson v. Rogers, 21 Kas. 529; Ely v. James, 123 Mass. 36; Bank v. Silk Co., 3 Met. 282; Story on Agency (9 Ed.), 259; State ex rel. v. Smith, 48 Vt. 266, l. c. 286; Society v. Paddock, 80 Ill. 263; Rich v. Bank, 7 Neb. 201; Bacon v. Johnson, 56 Mich. 182; Mundorff v. Wickersham, 63 Pa. St. 87; Lodge v. Mellenvoss, 119 Fed. 671; Lodge v. Mellenvoss, 56 C. C. A. 287, l. c. 291; Lodge v. Kalinski, 163 U. S. 289, l. c. 298; Eadie v. Ashbaugh, 44 Ia. 519; Dunn v. Railroad, 48 Conn. 434; Morse v. Ryan, 26 Wis. 356; Meehan v. Forester, 52 N. Y. 277; Fowler v. Bank, 67 N. Y. 138; Palmerton v. Huxford, 4th Den. 166; Moss v. Mining Co., 5 Hill 137; Ten Brock v. Boiler Co., 20 Mo. App. p. 19; Brown v. Wright, 25 Mo. App. 54; Fahy v. Grocer Co., 57 Mo. App. 73, l. c. 77; Meyer v. Old, 57 Mo. App. 639, l. c. 645, Ruggles v. Washington County, 3 Mo. 496; Norton v. Bull, 43 Mo. 113; Watson v. Bige-

low, 47 Mo. 413; Lord v. Society (Mich.), 96 N. W. 443; Beil v. Lodge, 80 App. Div. Rep. (N. Y.) 609; Modern Woodmen v. Coleman (Neb.), 94 N. W. 814; Purdy v. Association, 101 Mo. App. 91; Andre v. Modern Woodmen, 102 Mo. App. 377; Lodge v. Lachmann, 199 Ill. 140.

(3) In this case the uncontradicted evidence of the clerk of the Kansas City camp during the ten years during which plaintiff's husband paid assessments and dues to defendant, had full authority from defendant, both by its by-laws and by the course of dealing between said clerks on the one hand, and the sovereign clerk of the defendant on the other hand, to receive delinquent assessments and dues from plaintiff's husband when they were paid by him at any time within the three months following the time when those assessments and dues became delinquent, and to transmit the same to said sovereign clerk. McCullom v. Ins. Co., 67 Mo. App. 66, 76, l. c. 79; Frame v. Woodmen, 67 Mo. App. 127-136; Bovard v. Union, 94 Mo. App. 442; Ross-Langford v. Ins. Co., 97 Mo. App. 79; Cauveren v. Lodge, 98 Mo. App. 433; Andre v. Modern Woodmen, 102 Mo. App. 377; Nickell v. Ins. Co., 144 Mo. 420; James v. Life Association, 148 Mo. 1, l. c. 1013; Laundry Co. v. Ins. Co., 151 Mo. 90, l. c. 98; Grand Lodge v. Lachmann, 199 Ill. 140. (4) On the facts of this case defendant waived the payment out of time of the assessment mentioned in the answer. Hopkins v. Modern Woodmen, 94 Mo. App. 402; Courtney v. Association, 101 Mo. App. 261. (5) In order to suspend plaintiff's husband for the non-payment of his assessment and dues, he should have been given notice of his suspension in his lifetime. The notice of his suspension after his death was without force. Puhr v. Lodge, 77 Mo. App. 47, l. c. 63; Lewis v. Association, 77 Mo. App. 586; Seehorn v. Catholic Knights, 95 Mo. App. 233; McMahon v. Maccabees, 151 Mo. 522, l. c. 537. (6) Where an insurance company, with knowledge on the part of its agents of a forfeiture of its policy or certificate, fails

to cancel the policy or certificate, it will be deemed to have waived such forfeiture. Lewis v. Benefit Assn., 77 Mo. App. 586; McCullom v. Ins. Co., 67 Mo. App. 76; Nedro v. Ins. Co., 43 Ia. 24; Ins. Co. v. Cooms, 20 S. W. 900; Osterloh v. Ins. Co., 60 Wis. 126; Ins. Co. v. Boyer, 1 Ind. App. 329; Ins. Co. v. Markle, 1 Ind. App. 411; Fire Co. v. Trust Co., 44 Neb. 380.   (7)   Acceptance or demand, as was done repeatedly in this case of premiums or assessments on a life policy or certificate, knowing that the policy or certificate is subject to forfeiture for a violation of a condition, is a waiver of the condition. Watson v. Association, 21 Fed. Rep. 698; Cotton v. Fid. & Cas. Co., 41 Fed. Rep. 506; Lodge v. Wellenvouss, 119 Fed. 671; Ins. Co. v. Wolf, 95 U. S. 326; Fitzpatrick v. Ins. Co., 56 Conn. 116; Ins. Co. v. Anmerman, 119 Ill. 329; Fergason v. Ins Co., 22 Hun 320; Story v. Ins. Co., 37 La. Ann. 254; Viall v. Ins. Co., 19 Barb. 440; Mutual Pro. Co. v. Mitchell, 48 Pa. St. 374; McKenzie v. Ins. Co., 56 Tenn. 261; Schwarzback v. Pro. Union, 25 West Va. 622; Osterloh v. Ins. Co., 60 Wis. 126; McKinney v. Ins. Co., 89 Wis. 653; Lord v. Assn., 96 N. W. 443; Beil v. Supreme Lodge, 80 App. Div. Rep. 609.

ELLISON, J.—This action is based on a benefit certificate of insurance on the life of William T. Cline in the sum of two thousand dollars.   On the death of Cline the plaintiff became his widow and, as beneficiary, now seeks to enforce the certificate.   She obtained judgment in the trial court.

It appears that   Cline   was   injured on September 21st, 1901, and that he died of such injury on September 26th, thereafter.   He had taken out the certificate ten years before and had not been prompt in his payment of his monthly dues during that time.   These monthly dues were due and payable on or before the first day of the succeeding month.   As usual with him, he defaulted his August, 1901, dues and they were not paid on Sep-

tember 21st, the day he received his injury. It seems that he was delinquent six times prior to 1900, and after that defaulted about every other month. After receiving his injury he tendered the dues which tender was refused.

The certificate was subject to, and was to be controlled by, the by-laws of the order. One of these provided that if a member failed to pay his dues on or before the first of the succeeding month he should stand suspended; and that during such suspension his certificate should be void. Another by-law provided that should a delinquent and suspended member personally appear before the clerk of the local camp and apply for reinstatement within three months of the date of his suspension and pay all arrearages he should be restored, if in good health. Plaintiff's arrearages were always paid within the three months' limit and he would be restored. It was further provided in this by-law that in lieu of personal appearance, he might make written application and statement of his health. There were other provisions in the by-laws disabling any officer of sovereign or local camp from waiving any of the conditions upon which the certificates were issued, or of the by-laws and constitution of the order.

The sole question in the case is whether defendant could and did waive the provisions in its by-laws to such extent that notwithstanding the deceased's delinquency, his certificate was still in force at the time of his death. Looking at the certificate in connection with the by-laws and disconnected from any consideration of waiver, a delinquent member became, *ipso facto*, suspended upon his default with his dues, without any action of the order itself. Smith v. Woodmen of the World, 179 Mo. 119. But it has become the settled law of this State (in this respect differing from that of some others) that, the order, or organization itself, may waive compliance with its laws. So therefore we now conclude that the provisions in such laws attempting to disable the organiza-

tion from waiving compliance therewith are necessarily nugatory. It is furthermore the settled rule with us that a course of conduct with a member such as we have set forth herein is sufficient to justify such member in believing that his insurance continues in force, notwithstanding his dilinquency, provided he seeks reinstatement within the limit period of three months. Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433; Courtney v. St. Louis Police Assn., 101 Mo. App. 261; Andre v. Modern Woodmen, 102 Mo. App. 377.

In Frame v. Sovereign Camp, 67 Mo. App. 127, we held that the by-laws there in evidence gave authority to the local camp clerk to reinstate the delinquent member. But it may be suggested that the provisions of the laws of the order for reinstatement were conditioned that the delinquent member should be in good health at the time of reinstatement; and that when one permitted himself to become delinquent, he took the chance or risk of his being in good health when he came to pay up arrearages and ask restoration to membership. We, however, believe it the better view—being, we think, more just— to hold that such line of conduct on the part of the order and the members, shows that each understands there is continuous insurance. Otherwise the situation would be that such member would be an insured member at all times except the time his beneficiary would need it, viz: at his death.

We have been cited to a sentence in the opinion of the Supreme Court in Smith v. Woodmen of the World, supra. The court, after having decided that the clerk of the local camp had not attempted to waive a law of the order in the action taken by him, but had acted in accordance with the law, added the following: "This being true, it is unnecessary to cite authorities showing that the clerk, under the constitution and by-laws of defendant, was without power or authority to bind the company, or to waive any provision of its law by a course of conduct in accepting the payment of assess-

ments of delinquent members." That statement, thus written, by Judge BURGESS, does not sustain the position taken by defendant in citing it. The learned judge only says that the clerk of the local camp has not authority to waive a law of the order by a course of conduct in accepting payments from delinquent members. But he by no means says that if such course of conduct is ratified and confirmed by the order itself that it will not be binding upon the order. Such is the case here. In keeping with what was said by Judge BURGESS in the Smith case, the Supreme Court said, in an opinion by Judge VALLIANT (McMahon v. Maccabees, 151 Mo. 522).

"A member of such society is presumed to know its laws, and the contract of insurance is to be construed as having been made under the limitations of those laws. But a member has a right to look to the general conduct of the society itself, in respect of the observance of its laws, particularly those relating to his own duties, and if the society by its conduct has induced him to fall into a habit of non-observance of some of its requirements it cannot without warning to him of a change of purpose, inflict the penalty of failure of strict observance. A member dealing with a subordinate officer of the society, knowing his duties to be prescribed by law, has no right to reply upon the act of that officer, if he should attempt to waive a requirement which under the law he has no right to waive." And, continuing, the court further said: "But when he has dealings of that kind with such officer and those dealings are of such a nature that they must pass under the observation of those who have in charge the ultimate management of the company's affairs to such an extent as to justly induce the member to believe that the practice is approved by the company itself, the company is estopped to take advantage of the situation."

In selecting authority on the question involved herein we have endeavored to confine ourselves to cases involving organizations like the defendant; recognizing

that there are points of distinction in the rules of law governing them and the general insurance companies.

Our conclusion is that the judgment should be affirmed. All concur.