ISAAC W. NICHOLS, Administrator of the Estate of BRIDGET M. RAINEY, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, Appellant.

Springfield Court of Appeals, April 7, 1913.

1. LIFE INSURANCE: Action on Policy: Pleadings: Evidence. In an action to recover on a contract of life insurance, the pleadings and evidence are reviewed by the court and *held* sufficient to establish the plaintiff's claim.

2. ———: ———: Waiver: Proof of: Admitted Without Being Pleaded. In an action upon an insurance policy, proof of waiver is admitted under the general allegation of compliance with the terms thereof by the assured.

3. ———: ———: Nonpayment of Premium: Waiver of Forfeiture for by Superintendent. A waiver of the forfeiture of a life insurance policy for failure to pay a premium, which was made by the superintendent of the company at the Saint Louis office, *held* to be binding on the insurance company, which was a foreign corporation doing business in this State.

4. ———: Foreign Company: Authority of Local Officers. In
an action on a life insurance policy against 'a foreign insur-
ance company doing business in this State, a payment made
to the Saint Louis office of the company is *held* to be a pay-
ment to the company as effectually as if it had been remitted
directly to and received by the home office of the company,
where the superintendent of the Saint Louis office testified
that he had full authority from the company to transact busi-
ness for it and the company alleged in its answer that such
payment was made to it.

5. LIFE INSURANCE: Action on Policy: Premium:    Forefeiture
for Nonpayment: Waiver. In an action against a foreign life
insurance company to collect the amount of the policy, the evi-
dence is examined and reviewed and *held* sufficient to sustain
the contention of the plaintiff that the company had waived
the clause in its policy providing for a forfeiture because of
nonpayment of the premium.

6. ———: Waiver: Finality of. Whenever a waiver has occurred
it is final and cannot be withdrawn.

Appeal from Butler Circuit Court.—*Hon. J. C.
Sheppard*, Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

(1) The court erred in refusing to give defend-
ant's declarations of law numbered 1, 2, 3, 4, 5, 6 and
8; when the insured failed to pay the semi-annual pre-
mium due on the 6th day of November, 1909, on said
date, and failed to pay said premium for an additional
sixty days after said date, then the policy of insurance
sued upon was by its terms forfeited, and the plaintiff
was only entitled to recover the sum tendered into
court by the defendant, to-wit, nineteen dollars and
ninety-five cents ($19.95), with six per cent interest
thereon from the 25th day of March, 1910.    25 Cyc.
868-870, and cases cited; Stiepel v. Life Association,
55 Mo. App. 224; Floyd v. Insurance Co., 72 Mo. App.
455; 25 Cyc. 860-861, and cases cited; Wagaman v. Life
Ins. Co., 110 Mo. App. 616; Ashbrook v. Life Ins. Co.,

94 Mo. 672; Howard v. Benefit Ins. Co., 6 Mo. App. 577; McGeehan v. Life Ins. Co., 131 Mo. App. 417; Suess v. Life Ins. Co., 193 Mo. 564; Leeper v. Life Ins. Co., 93 Mo. App. 602; James v. Life Association, 148 Mo. 1; Wichman v. Ins. Co., 120 Mo. App. 58; Richards v. Ins. Co., 68 Mo. App. 590; Reichenbach v. Ellerbe, 115 Mo. 588; Chadwick v. Triple Alliance, 56 Mo. App. 463; French v. Hartford L. & A. Co., 27 Ins. L. J. 331; Harvey v. Grand Lodge, 50 Mo. App. 472; Crossman v. Mass. Ben. Co., 143 Mass. 435; State ex rel. v. Ben. Soc., 42 Mo. App. 489; Scheele v. Society, 63 Mo. App. 277; Gaterman v. Insurance Co., 1 Mo. App. 300; Borgraffe v. Supreme Lodge, 22 Mo. App. 140; Smith v. New England Co., 63 Fed. 772; Barnes v. Continental, 30 Mo. App. 539; Easely v. Valley Association, 91 Va. 162; Russell v. Prudential Ins. Co., 176 N. Y. 178; Ward v. Insurance Co., 66 Conn. 227; Murphy v. Prudential Ins. Co., 30 Pa. Sup. Ct. 560. (2) The judgment of the court in favor of the plaintiff was in direct conflict with the law as declared by the court in declaration of law No. 8, given by the court; the testimony was undisputed that the defendant had not retained the premium remitted, as such, but was holding same awaiting the application for revival from the insured; therefore, under the law declared by the court, the judgment should have been for the defendant. 25 Cyc., sec. 3, pp. 868-870, and cases cited; Stiepel v. Life Ass'n, 55 Mo. App. 224; 25 Cyc., Sec. 2, p. 871, and cases cited; Lamb v. Prudential Ins. Co., 22 N. Y. App. Div. 552; Regan v. Prudential Ins. Co., 33 Misc. (N. Y.) 78; McGowan v. Life Ins. Co., 16 Fed. Cas. No. 8807.

*David W. Hill* for respondent.

(1) The conduct of the defendant, the letter of the superintendent and the retention of the premium by the defendant until after the death of the insured clearly indicate that the defendant did not intend to

forfeit the policy, and, in any event, those facts and circumstances misled the insured and caused her to believe her insurance was in force, and the defendant should not now be heard to say in a court of justice that it did intend to forfeit the policy within the period covered by the last premium paid by the insured. The law does not favor forfeitures, and he who seeks to enforce them must do nothing to mislead the other party. Polk v. Assurance Co., 114 Mo. App. 514; Godwin v. K. L. of S., 166 Mo. App. 289; Patterson v. Ins. Co., 164 Mo. App. 157; Horwitz v. Mutual Ins. Co., 40 Mo. 345; Hayward v. National Ins. Co., 52 Mo. 181; Hamilton v. Home Ins. Co., 94 Mo. 368; Trust Co. v. Ins. Co., 79 Mo. 362; Riley v. Ins. Co., 117 Mo. App. 229; Rudd v. Fire Ins. Co., 120 Mo. App. 1; Ball v. Ins. Co., 129 Mo. App. 34; Leech v. Order of Railroad Telegraphers, 130 Mo. App. 5; Nickell v. Ins. Co., 144 Mo. 420; Laundry Co. v. Ins. Co., 151 Mo. 90; Zinc Companies v. Assurance Cor., 144 Mo. App. 380; Thompson v. Traders' Ins. Co., 169 Mo. 12; Shutts v. Ins. Co., 159 Mo. App. 436. (2) In a case of this kind the declarations of law are only important to show the theory of the trial court. The trial court properly conceived the law and its decisions was for the right party. This cause was tried before the court without a jury and if the court had given an erroneous or refused a proper declaration of law, this court would not reverse the judgment on that ground. Rothenberger v. Garrett, 224 Mo. 202; McLaughlin v. Hardin, 133 Mo. App. 609; Fruin v. Meredith, 145 Mo. App. 603. (3) The weight of the evidence was for the trial court to determine and its conclusion in that regard is final here. Zahm v. Fraternal Union, 154 Mo. App. 84. (4) This court will disregard errors not affecting the merits. Secs. 2082 and 1850, R. S. 1909.

ROBERTSON, P. J.—On March 27, 1911, plaintiff filed his petition as administrator of the estate

of Bridget M. Rainey, in the circuit court, alleging
that the defendant was at all of the times therein men-
tioned an insurance corporation organized under the
laws of New Jersey and doing a life insurance busi-
ness in this State; that on November 6, 1908, the de-
fendant for a valuable consideration paid to it made,
executed and delivered to the said Bridget M. Rainey
its policy or contract of insurance whereby it became
obligated to pay immediately, upon receipt of due
proofs of her death, during the continuance of said
policy, the sum of five hundred dollars to Patrick
Rainey, beneficiary, husband of the insured, if the ben-
eficiary survived the insured, otherwise to the execu-
tor or administrator of the insured, Bridget M. Rai-
ney; that on June 15, 1910, the said insured died intes-
tate, her said husband having previously died, and
that the plaintiff, Isaac W. Nichols, was the duly ap-
pointed, qualified and acting administrator of the es-
tate of said Bridget M. Rainey, deceased; that the
said policy of insurance was in full force and effect
at the time of the death of the said insured; that on
March 7, 1911, plaintiff made due proof of the death
of the insured; that the plaintiff and said deceased
had kept and performed all of the conditions of said
policy obligatory upon them or either of them, but
that the defendant had failed and refused to pay any
portion of the sum due under said policy, and prayed
judgment against the insurance company for said sum
of five hundred dollars, with interest.

The defendant, for answer to the plaintiff's peti-
tion, admitted its incorporation and that it was en-
gaged in the life insurance business in the State of
Missouri, but denied each and every other allegation
in the petition contained, and alleged that it had is-
sued the policy on November 6, 1908, on the life of said
insured for $500; that the beneficiary therein named
was Patrick Rainey; that under and by virtue of said
policy the first annual premium due on said policy

was paid on November 6, 1908, which would keep the policy in force until November 6, 1909; that the said policy provided that after it was in force one year and the semi-annual premiums should not be paid the policy would lapse for nonpayment of premium, but that the defendant would continue the insurance in force under said policy for a period of sixty days from the due date of such premium; that the semi-annual premium of $19.95 due on November 6, 1909, was not paid and the said policy by reason thereof became canceled January 5, 1910; that on said January 5, 1910, said policy was under its terms by the defendant forfeited and all rights accruing to the beneficiary therein, or any other person, were forfeited and annulled; that on March 25, 1910, after the expiration of the extended insurance period and after such policy by its terms had become forfeited and lapsed, the insured remitted $19.95 to the defendant to cover the semi-annual premium due on November 6, 1909; that the defendant notified said insured that said policy was lapsed by reason of the failure to pay the semi-annual premium upon said policy and notified the insured that upon the receipt of an additional sum of one dollar that her application for revival would, under the terms of the said policy, be considered by the defendant; that no application for revival was ever received by the defendant from the insured. The defendant in its answer tendered to plaintiff the $19.95, together with six per cent interest thereon from March 25, 1910.

To this answer the plaintiff filed a reply admitting that Bridget M. Rainey remitted the $19.95 and stating that the defendant on April 28, 1910, wrote the deceased, among other things, the following: "You are, as stated, entitled to nonforfeitable privileges, and you have been insured right along, although you have discontinued paying. This privilege would continue for some years, as shown by the extended table within your policy." And the plaintiff alleged that

this letter was written in regard to the policy of insurance in this suit, leading the deceased to believe that said policy was at that time in full force and effect; that the defendant by the acceptance and retention of said premium of $19.95, and by reason of the letter and its conduct in regard to said policy, waived whatever alleged rights it had to require a formal written application to revive said policy, and whatever alleged right it had to require the payment of an additional sum of one dollar mentioned in its answer, and for the same reason the defendant was estopped, precluded and debarred from pleading or asserting that said policy of insurance was not in force at the time of the death of the said Bridget M. Rainey, and was estopped, precluded and debarred from pleading or asserting that said policy of insurance was forfeited within the lifetime of the said Bridget M. Rainey; and denied each and every other allegation in the defendant's answer contained.

The case was tried to the court without a jury and at the close of the testimony the defendant requested a declaration of law to the effect that the plaintiff was not entitled to recover and that the findings of the court should be for the defendant. The defendant also requested seven other declarations of law (which are necessarily disposed of by a decision of this case upon its merits), all of which were refused by the court except one. There were no declarations of law asked or given in behalf of the plaintiff.

The court found for the plaintiff and entered its judgment for $533.75. The defendant, after its motion for new trial was overruled, perfected its appeal to this court.

The policy offered in evidence discloses the material facts presented by the pleadings and the further provision, not referred to in the pleadings but insisted upon at the trial and here, that no condition, provision or privilege of the policy could be waived or modified

in any case except by an indorsement thereon signed by the president, one of the vice presidents, the secretary, one of the assistant secretaries, the actuary or the associate actuary; also, that no agent has power in behalf of the company to make or modify the policy or to extend the time for the payment of premium or to waive any forfeiture.

Certain letters were offered in evidence as follows:

Under date of April 6, 1910, the insured wrote a letter addressed to the defendant at St. Louis in which she stated that on March 25 she had mailed *annual* premium on the policy but had not received any word or receipt except the post office registry return receipt. This letter was received and answered by the superintendent of the defendant, under date of April 11, 1910, in which he stated his records did not indicate that a money order of that kind had been received, and stated that the *annual* premium on the policy was due November 6, 1909, and that in order to make further payment it would be necessary to re-instate the policy, in which case an additional amount of one dollar would be required. The insured received that letter and on April 13, 1910, answered it, addressing the letter to the defendant at St. Louis, stating that she sent the money order by registered letter and that the amount was intended for the *semi-annual* premium. Under date of April 14 the superintendent wrote to the insured in reply to her letter of the 13th, in which he referred to the remittance and stated that "the amount received is insufficient to begin action, since the policy was canceled for nonpayment of the November premium. It will, therefore, be necessary for you to remit to me the amount of $1.00 to be used as a medical fee in connection with the reinstatement of the policy." The superintendent further stated in that letter that it was necessary for the deceased to sign the enclosed blank for change of the manner of payment, as her

premium was formerly paid *annually*, whereas she had only sent the semi-annual premium, and asked her to sign the enclosed re-instatement blank at the place indicated and to advise him of the occupation she followed, and also stated that there would be a charge for interest on arrears from the due date until that time, which he thought would be close to one dollar.

On April 25, 1910, the insured wrote a letter addressed to the defendant at St. Louis stating that when she forwarded the amount of the semi-annual premium on her policy she was under the impression that she "was entitled to policy nonforfeitable privileges" and if such was not the case she asked that her $19.95 be refunded. Defendant's superintendent at St. Louis answered that letter and, among other things, stated: "You are, as stated, entitled to nonforfeitable privileges and you have been insured right along, although you have discontinued paying." In this letter some comment is also made upon the question of re-instatement and the expenses incident to a medical examination, and stated that if she would forward one dollar the matter would be placed in the hands of the company for revival.

Under date of September 10, 1910, a letter was addressed to the defendant at St. Louis, Missouri, signed by a party claiming to be a daughter of the insured, stating that the insured had died on June 15, 1910, and asked that the necessary papers to establish proof of loss be sent. This was answered by the superintendent apparently on September 28th, in which letter he acknowledge receipt of the letter containing notice of the death of the insured, and stated that the matter had been referred to the home office. Under date of October 11, 1910, the superintendent supplemented his letter of September 28th by another letter inquiring for the address of Patrick Rainey, the named beneficiary in the policy. On November 7, 1910, the superintendent of the defendant at St. Louis wrote a

letter to the daughter of the insured stating that the
$19.95 would be returned to the beneficiary under the
policy, Patrick Rainey, and asked for his address, "as
we are anxious to have this matter adjusted."

On February 27, 1911, a party made an affidavit
stating that she was a daughter of the insured, that
the insured died June 15, 1910, and that the plaintiff in
this case was the duly appointed, qualified and acting
administrator of the estate.  On the same date a let-
ter was written to the defendant, addressed to its
home office in New Jersey, enclosing the affidavit and
making formal demand of payment, and stating that
"under the terms of this policy and under the law of
this State, coupled with your action regarding the sub-
ject-matter, I have no hesitancy in assuring my client
that this policy was in force and effect at the time of
the death of Mrs. Rainey, and that you are liable for
the full amount thereof, and unless you immediately
pay the same suit will be instituted."

This letter was answered by one of the managers
of the defendant company on March 7, 1911, and stated
that they were looking further into the matter and
would write definitely in the course of a few days.  On
March 18, 1911, the last mentioned letter was supple-
mented by another letter stating that their records
indicated "that one annual premium was paid on this
policy.  This entitled the contract to special extension
of sixty days, dated November 7, 1909, which exten-
sion expired Jan. 6, 1910.  As the party died June 15,
last year. we recognize no liability under this con-
tract."

In an action upon an insurance policy the prac-
tice obtains in this State to admit proof of waiver
without requiring the waiver relied on to be alleged
in the pleadings. [Andrus v. Ins. Assn. Co., 168 Mo.
151, 161, 67 S. W. 582; James v. Mutual Reserve Fund
Life Assn., 148 Mo. 1, 10, 49 S. W. 978.]

The insistence of the defendant here that its superintendent at St. Louis had no authority under the provisions of the policy to waive any of the provisions of forfeiture therein contained, under the facts in this case, is refuted by the authorities in this State. [James v. Mutual Reserve Fund Assn., supra.]

In addition to the rule which prevails, as stated above, it is also to be noticed that in the answer filed by the defendant in this case it is alleged that the semi-annual premium due November 6, 1909, was remitted "to the defendant." And in addition to this, the superintendent who carried on this correspondence was a witness in the case and testified that he had full authority from the defendant corporation to transact the business shown by the record in this case to have been done by him. It must, therefore, stand as conceded that the $19.95 remitted by the deceased March 25, 1910, was received and retained by the defendant when it was remitted to the St. Louis office as effectually as if it had been remitted directly to and received by the home office of the company.

Upon these premises we shall consider the insistence of the defendant that the insured had forfeited all of her rights under the policy involved. It will be observed that the defendant according to its answer must be held to have retained the premium remitted by the deceased from about March 25, 1910, to about April 14, 1910, without intimating to the insured that the provisions of the policy as to forfeiture for non-payment of premium would be enforced. Under date of April 6, 1910, the insured wrote to the defendant inquiring about her receipt for the remittance and the defendant's superintendant at St. Louis in answering that letter used this language: "For your information we wish to state that the annual premium was due November 6, 1909, and that in order to make further payment it will be necessary to re-instate your policy

in which case an additional amount of one dollar will be required.''

In our opinion it should not be held from this statement that the insured at that time understood that the defendant intended to enforce the forfeiture clause of its policy, because in the same letter he asks for further information as to the money order the insured forwarded, and on April 13th the insured advised him of the character of the money order, stating that it was intended for *semi-annual* premium. The defendant's superintendent at St. Louis answered this letter of April 13th, under the date of April 14th, intimating that he had discovered ''a place for the money to fit into'' and stating that ''the amount is insufficient to begin action since the policy was canceled for nonpayment of the November premium.'' This is the first intimation as shown by the record that there was any intention on the part of the insurance company to forfeit the policy on account of the nonpayment of the premium. We shall not undertake to determine what the superintendent meant by the expression, ''insufficient to begin action.'' In that letter he enclosed the blank for change in the manner of payment of the premium, stating that she had formerly paid the premium annually, which was not the case. He also stated that there would be close to a dollar interest due on arrears from the time the premium was due until the date of that letter, whereas, the semi-annual premium had been received on the 25th of the previous month and under the terms of the policy only forty cents was due for interest. In answering that letter under the date of April 25th, the insured apparently discloses for the first time that she understood that the defendant was undertaking to forfeit her policy and requested if such was the case to return to her the $19.95, and she also stated that she was under the impression that she was entitled to nonforfeitable privileges. Defendant's superinten-

dent acknowledged the receipt of that letter and instead of returning the money as requested and stating that her policy was forfeited, on the contrary wrote to her: "You are, as. stated, entitled to nonforfeitable privileges and you have been insured right along, although you have discontinued paying."

This, so far as the record discloses, disposed of the matter until the daughter of the insured on September 10, 1910, addressed a letter to the defendant at St. Louis stating that her mother had died on June 15, 1910, and requested the necessary papers to establish proof of loss. The superintendent replied to this letter under date of November 7, 1910, stating that the policy had finally expired on January 5, 1910, and as the insured died June 15, 1910, he could consider no claim, not contending, as it will be observed, that the policy had been forfeited, and for the first time he offered to return the $19.95. It is also worthy of consideration that when the attorney for the plaintiff in this case made formal demand on the defendant by a letter addressed to it at its home office, that the defendant first answered that they were looking further into the matter and would write more definitely in the course of a few days. Thereafter, on March 18, 1911, a letter was written from the home office to the attorney stating that their record indicated that but one annual premium was paid on the policy, that this entitled the contract to special extension of sixty days, which extension expired January 6, 1910, and that as the party had died June 15, 1910, no liability under the policy was recognized. However, in this letter the defendant did not state that the policy had been forfeited on account of nonpayment of the pre mium therein provided for.

The least that may be said in this case is that there was unquestionably some substantial evidence of facts from which the trial court may properly have found

that the defendant waived the forfeiture clause in the policy involved in this suit. [Andrus v. Insurance Co., supra; James v. Mutual Reserve Fund Life Assn. supra; Polk v. Western Assur. Co., 114 Mo. App. 514, 519, 90 S. W. 397; Godwin v. K. L. of S., 166 Mo. App. 289, 297, 148 S. W. 980.] Whenever a waiver has occurred it is final and cannot be withdrawn. [Ball v. Royal Ins. Co., 129 Mo. App. 34, 41, 107 S. W. 1097.]

When the semi-annual premium was remitted by the insured to the defendant all of the facts relative to the policy were in the possession of defendant and good faith and fair dealing with the holder of this policy should exact of them prompt and explicit expression if it was desired to enforce the forfeiture provision of the policy; but in this case no effort was made by the insurance company at any time until after the information was received by it that a loss was about to be suffered under the policy, to return the premium. Up until that time the defendant retained the money and this was sufficient evidence upon which to base a finding that the assured believed that she was duly protected by the terms of the policy, and the defendant's superintendent at St. Louis continued to write unintelligible letters which might convince an ordinarily intelligent person that the company was not intending to enforce the forfeiture clause in the policy.

Under the facts in this case we are unwilling to disturb the judgment of the trial court, which is accordingly affirmed. All concur.