## CORA B. OLDHAM, Respondent, v. MODERN BROTHERHOOD OF AMERICA, Appellant.

### Kansas City Court of Appeals, May 19, 1913.

1. **FRATERNAL BENEFICIAL ASSOCIATIONS: Payment of Dues.** A fraternal benefit society may provide for prompt payment of dues and for suspension for noncompliance, since the prompt payment of such dues is necessary to the prosperity of the society.

2. ———: ———: **Waiver: Local Lodge: Dues: Payment.** A fraternal benefit society may, by a course of conduct by its local lodge, known and approved by it, waive its right to forfeiture or suspension. And when it customarily allowed a member to fail in payment of assessments when due, without exacting a suspension, by sanctioning the local lodge paying for him, it will not be allowed to turn upon him in his last sickness and suspend him for default in payment.

3. ———: ———: ———: **Agency: Knowledge: State Manager.** Knowledge of the general State manager for a foreign fraternal benefit association as to the conduct of local lodges, is the knowledge of the society itself.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Sparrow, Page & Rea* for appellant.

(1) Oldham's failure to pay his assessment in February, 1910, *ipso facto* suspended him from membership. Not being in good health at the time of paying this assessment on March 21, his payment of it on that date did not reinstate him to membership, and he was not therefore a member of appellant on March 26, the day of his death. Burke v. A. O. U. W., 136 Mo. App. 450; Smith v. W. O. W., 179 Mo. 119. (2) Oldham's dues were always promptly paid prior to February, 1910. If he did not pay them himself, Florance, within the time required by appellant's by-laws, paid them for him, either out of his own funds, or out of the funds of the local lodge, and remitted them to appellant's supreme secretary. This was a payment by Florance for Oldham, and was the same as though Oldham had made the payments himself. Neither of appellant's managing officers had any knowledge whatever of any practice or custom which may have existed in the local lodge in regard to the lodge paying the assessments of its members. Burke v. A. O. U. W., 136 Mo. App. 450; M. W. A. v. Tevis, 54 C. C. A. 293, 117 Fed. 369. (3) Appellant's State manager, Ledru Silvey, was not one of its supreme or managing officers, and even if he had notice of the alleged practice of the local lodge, it was not notice to appellant. Being a special agent, with limited authority, he could not waive the requirements of appellant's by-laws in regard to the prompt payment of assessments. Harvey v. Grand Lodge, 50 Mo. App. 472; Jenkins v. Ins. Co., 58 Mo. App. 210; M. W. A. v. Tevis, 54 C. C. A. 293, 117 Fed. 369. (4) Neither Florance nor Nahm as local deputies, had any authority to waive prompt payment by Oldham of his assessments. (5) Notice to delegates to former meetings of appellant's supreme lodge, was not notice to appellant's supreme

or managing officers. Bank v. Frohman, 129 Mo. 427; Benton v. Bank, 122 Mo. 332.

*E. C. Hamilton* and *John F. Thice* for respondent.

(1) Joel E. Oldham was in good standing at the time of his death, and respondent herein was entitled to the relief guaranteed to her under the benefit certificate sued on. Oldham's failure to pay his February assessment or dues within the time prescribed by the by-laws did not operate as a suspension, as said assessments and dues were paid within the time established by long continued custom known to all the members and officers of the local lodge, also known by the officers of the supreme lodge through its lawfully authorized agents. Appellant's managing officers had knowledge of the practice and long indulged custom of receiving dues from delinquent members and keeping them in good standing, contrary to the provisions of the benefit certificate and the by-laws of the society; not alone through that notice which the law imputed to them by the long and continued custom of dealing, but by actual knowledge brought home to them through their lawfully authorized State manager; and appellant should not be heard to say that Ledru Silvey, state manager, or that the subordinate lodge of which deceased was a member was not its agent. Goodwin v. K. L. of S., 166 Mo. App. 289. James v. Life Assn., 148 Mo. 12; Boward v. Banker's Union, 94 Mo. App. 450; McMahon v. Maccabees, 151 Mo. 541, 542; Burke v. Grand Lodge, 136 Mo. App. 459; Andre v. M. W. A., 102 Mo. App. 377. (2) Oldham's dues for February, 1910, were paid, as regards to time, just as his other dues had been paid for months, and even years preceding his death, that is, from one to three months after they became due under the strict terms of the by-laws and his certificate of insurance; and the fact that he was not in good health at the time of the payment of said dues could have no bear-

ing on the case, since he was a member in good standing, according to the custom and no health certificate was necessary. Andre v. Modern Woodmen, 102 Mo. App. 384; Francis and Hunter v. A. O. U. W., 150 Mo. App. 358.

ELLISON, P. J.—Plaintiff's action is on a certificate of life insurance issued to her husband in his lifetime. She recovered judgment in the trial court.

Deceased's benefit certificate was issued in September, 1907, at defendant's Independence, Missouri, lodge. He took sick on the 13th of March, 1910, and died in two weeks thereafter.

The members were required to pay monthly assessments to the mortuary fund. These assessments were levied the month preceding their collection and notice was given to each member, and they were required to be paid before the end of the month succeeding their levy. The members were also required to pay each month, without notice, a per capita tax and also a payment to a reserve fund. If the member failed to pay any of these dues, he became suspended *ipso facto*. He might, however, become reinstated, if in good health, at any time within sixty days, by paying back dues. During the years 1908 and 1909 deceased customarily, or at least frequently, failed to pay his dues, but no forfeiture was had for the reason that the secretary of the local lodge would pay them for him out of the funds of the local lodge by forwarding to the supreme secretary of the grand lodge, and deceased would at a convenient season pay to, or reimburse, the secretary. But on February 10, 1910, deceased having failed to pay the January assessment, the secretary of the local lodge reported him suspended for such failure. Afterwards, in the same month, deceased paid the secretary, and in his remittance to the grand lodge on March 10th he showed deceased reinstated; but that he was again suspended for failure

to pay the assessments for February. Deceased was taken with his mortal sickness March 13th, and, as already said, died (March 26th) two weeks thereafter. But before his death, on March 21st, he paid his back dues and was reinstated and this status was so acknowledged by the grand lodge on March 24th. When the grand lodge was informed that deceased was sick when last payment and reinstatement was had, and that he died in five days thereafter, it repudiated the reinstatement and offered to return the payment.

That the constitution and by-laws of a fraternal benefit society may provide for prompt payment of dues and assessments and for suspension, *ipso facto,* for failure to pay, cannot be questioned. For prompt payments are necessary to the existence and prosperity of such societies. [Westerman v. Supreme Lodge, 196 Mo. 670, 724; McMahon v. Maccabees, 151 Mo. 522.] Neither can it be doubted that such society, by a course of conduct in its dealing with one of its members, may waive its right of suspension or forfeiture. [Burke v. Grand Lodge, 136 Mo. App. 450; Andre v. Modern Woodmen, 102 Mo. App. 377; Godwin v. K. L. of S., 166 Mo. App. 289.]

Therefore the only question involved in this controversy is whether such a course of dealing was had by the society with deceased as to reasonably lead him to believe and expect that the strict requirements as to payment of dues would be demanded of him. The evidence undoubtedly tended to establish deceased's many failures to pay and of the local lodge paying for him and not exacting a forfeiture. It further tended to show that defendant, through its general officers knew of these defaults and that it sanctioned the acts of the secretary of the local lodge in paying for him. It was shown that Ledru Silvey was State manager for defendant and that he had knowledge of the acts of deceased and the local lodge in

reference to his dues, and approved the same. These questions were submitted to the jury and the verdict puts the case well within the settled rule of law which we have stated above.

That Silvey was shown to be defendant's agent and that his knowledge was defendant's knowledge; and that the course of conduct of the secretary of the local lodge as to neglect in payment of dues was known to defendant's general officers, and that it will not be allowed to suddenly turn upon deceased in his last sickness and demand a forfeiture on account of the same conduct it had customarily forgiven and overlooked, is determined by authorities supra and by our Supreme Court in McMahon v. Maccabees, 151 Mo. 522; and by the Courts of Appeals in Edmonds v. Modern Woodmen, 125 Mo. App. 214, 219; Shartle v. Modern Brotherhood, 139 Mo. App. 433, 440.

The judgment must be affirmed. All concur.